✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

WESTERN District of NORTH CAROLINA

UNITED STATES OF AMERICA
V.
CHARLES EDWARD DEAN, JR.
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 1:09 cr 26-2

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

- X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841.
  - ☐ under 18 U.S.C. § 924(c).
- X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by X clear and convincing evidence X a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____ _____
*Date* *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 cr 26-2

UNITED STATES OF AMERICA,

Vs.

CHARLES EDWARD DEAN, JR.

ADDENDUM TO
DETENTION ORDER

---

**I. FACTORS CONSIDERED**

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

  **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

**II.**                                           **FINDINGS**

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a controlled substance, that being the sale of crack cocaine.

**(g)(2):** The weight of the evidence against the person appears to be strong and significant. Testimony was presented by SBI Special Agent Christen Brenzeel. Agent Brenzeel testified that he was working with the DEA as a task force officer in Macon County. He became aware that the defendant had possession of a home which was being used to distribute crack cocaine. The defendant used the home for that purpose for a six to eight month period of time. The defendant made a statement that during a "good month" he would make $20,000 in profit from the sale of cocaine. The defendant further made a statement that he was a heavy user of drugs and he also provided them to women. Agent Brenzeel further testified that on Tuesday April 14, 2009 the defendant was contacted by law enforcement in Macon County and requested that he turn himself in in regard to the charges contained in the bill of indictment and the defendant refused to do so. The defendant was apprehended in Jackson County, NC at a time when he was attempting to borrow $125 to obtain a bus ticket. The defendant stated he needed the bus ticket to "get out of town".

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties in Macon County, NC, that being his mother. The defendant has been employed with various construction companies for over 27 years, but he became unemployed in February of 2009. The defendant's history relating to drug or alcohol abuse shows that the defendant reported he used cocaine in the past but had not used this drug for approximately nine months and he began using marijuana at age 11 and presently uses the drug about five times per year. At the recommendation of the United States Probation Office the defendant agreed to take a drug test at the time of the detention hearing. The test showed positive for use of a narcotic. The defendant advised the officers he had taken Valium which had been given to him by his aunt and for which he did not have a prescription. In regard to the defendant's criminal history relating to drug or alcohol abuse, the defendant has the following convictions:

| Offense | Conviction Date |
|---|---|
| Driving under the influence, GA | 11/14/78 |

In addition to the above referenced offenses, the defendant has the following additional criminal convictions:

| Offense | Conviction Date |
|---|---|
| No operators license | 02/27/06 |

| | |
|---|---|
| No operators license | 06/21/06 |
| Misdemeanor larceny | 06/27/07 |
| Driving while license revoked | 07/12/07 |

The defendant's record concerning appearance at court appearances shows that the defendant failed to appear in Macon County District Court on charges of no vehicle registration on November 15, 2004 and he was convicted of failure to appear from a criminal charge against him in April 2006.

    (B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. During the period of time alleged in the bill of indictment the defendant was serving a term of unsupervised probation for misdemeanor larceny and driving while license revoked.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. The evidence shows the defendant had a dwelling house from which he distributed and sold crack cocaine and had income of "good months" of $20,000 per month. This evidence shows by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community and further that the presumption has not been rebutted.

The undersigned does find by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part. The charges against the defendant create a presumption that the release of the defendant would create a risk of flight. The evidence shows that the defendant was attempting to flee when he was arrested. As a result of the foregoing, the undersigned has determined to enter an order detaining the defendant pending further proceedings in this matter.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

    Signed: April 24, 2009

Dennis L. Howell
United States Magistrate Judge